# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-32213-MAW |
| | ) | |
| Manuel C. Alvarado, | ) | Chapter 7 |
| | ) | |
| Debtors | ) | Judge Mary Ann Whipple |

### MOTION TO REVIEW ATTORNEY FEES, ORDER FEES RETURNED TO DEBTOR, AND CANCEL FEE AGREEMENT

The United States Trustee for Region 9, Daniel M. McDermott, respectfully requests, pursuant to 11 U.S.C. §329(b), that this Court review the attorney fees received by debtor's counsel Quentin Derryberry ("Counsel"), order such fees returned to the debtor, and cancel the fee agreement between the debtor and Counsel. The basis for this request is that debtor's counsel filed this case without necessary documents, and did not ensure that those documents were timely filed with the Court. The consequence of such failure is that this case is subject to dismissal under pursuant to 11 U.S.C. § 521(i). Hence, there is a possibility that this case may be dismissed, with the result that the debtor may not receive any benefit in this case in exchange for the fees paid. In support, the United States Trustee states:

### PROCEDURAL BACKGROUND

1. Manual C. Alvarado (the "Debtor") filed a voluntary Chapter 7 petition on July 15, 2018. The docket reflects that Counsel assisted the Debtor in filing the case, and the Disclosure of Compensation for Attorney indicates that Counsel was paid $1,200 prior to filing.

2. Because pay advices were never filed in this case, the Debtor failed to achieve timely and complete compliance with section 521(i).On August 31, 2018, the United States Trustee

–1–

filed the Motion/Request or the United States Trustee that Case Be Dismissed Automatically Pursuant to 11 U.S.C. § 521(i) (the "Request for Automatic Dismissal").

## **LEGAL STANDARDS**

3. Section 329(b) authorizes this Court to review compensation received by debtor's counsel. <u>Rittenhouse v. Eisen</u>, 404 F. 3d 395, 397 (6th Cir. 2005) (§ 329 requires the court to examine the reasonableness of fees), <u>cert. denied</u>, 126 S. Ct. 378, 163 L. Ed. 2d 165 (2005). Under this section, the Court may order fees returned to the entity who paid the fees if the compensation received by counsel "exceeds the reasonable value" of the services. One of the purposes of this section is to protect the debtor against attorneys who charge unreasonable fees. <u>In re Kisseberth</u>, 273 F. 3d 714, 721 (6th Cir. 2001). Fed. R. Bank. Pro. 2017(a) provides that any party-in-interest may file a motion for the court to review the fees of an attorney.

4. In matters involving challenges to attorney fees under 11 U.S.C. § 329, the burden of proof rests with the attorney to establish that his fees are reasonable. *See* <u>In re Geraci</u>, 138 F. 3d 314, 318 (7th Cir. 1998). In examining compensation, the Court may evaluate whether a debtor has received the quality of services for which she bargained:

> Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.

<u>In re LaFrance</u>, 311 B.R. 1, 25 (Bankr. D. Mass. 2004).

5. Because more than forty-five days have passed since the order for relief, and the debtor has not filed certain required documents, the United States Trustee has requested that the case be dismissed "automatically" pursuant to 11 U.S.C. § 521(i).

6. Besides being a cause for dismissal, the omission of pay advices suggests that

–2–

Counsel lacked sufficient information to determine, *inter alia,* the efficacy of the filing and the appropriate chapter of the Bankruptcy Code under which to file the case.

7. Presumably, the Debtor agreed to pay Counsel legal fees to gain needed representation in a bankruptcy case. However, if this Court dismisses this case, then the Debtor will not receive the services for which he bargained. To remedy such an imbalance, Counsel should be ordered to refund to the Debtor all fees given in consideration, and that the fee agreement between Counsel and the Debtor should be ordered cancelled. In the event that Debtor would retain Counsel in a future proceeding, Counsel should also be required to reduce fees to cover the out-of-pocket expenses of the Debtor, including especially court costs paid in this proceeding.

Wherefore, the United States Trustee respectfully requests that this Court enter an order reviewing the compensation received by Counsel, ordering Counsel's compensation to be refunded to the Debtor, cancelling the fee agreement between them, and ordering certain conditions on future compensation.

Respectfully Submitted,

DANIEL M. MCDERMOTT
United States Trustee, Region 9

By: */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
201 Superior Avenue E., Ste. 441
Cleveland, Ohio 44114
(216) 522-7800, ext. 260
(216) 522-7193 (facsimile)
scott.r.belhorn@usdoj.gov

# CERTIFICATE OF SERVICE

I, Scott R. Belhorn, hereby certify that the foregoing Motion was electronically transmitted on or about August 31, 2018, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- Quentin M. Derryberry     qlaw@ureach.com, qdlawfirm@gmail.com
- William L. Swope     trustee7@sbcglobal.net, wswope@ecf.epiqsystems.com
- United States Trustee     (Registered address)@usdoj.gov

I, Scott R. Belhorn, further certify that the foregoing Motion was mailed via U.S. Post, First Class, on or about August 31, 2018, to the following:

Manuel C. Alvarado
500 N Shaffer Street
Van Wert, OH 45891

                                                        */s/ Scott R. Belhorn*
                                                        Scott R. Belhorn