UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-13477-(AIH) |
| | ) | |
| Jason M. Stormer, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

**MOTION TO DISMISS THE CASE FOR ABUSE
PURSUANT TO 11 U.S.C. § 707(b)(1), (2), & (3)**

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and respectfully requests this Court to enter an order dismissing the above-captioned case for abuse pursuant to 11 U.S.C. § 707(b)(1), (2), & (3). The case is presumed to be an abuse of chapter 7. Additionally, the totality of the debtor's financial circumstances indicates that the above-captioned chapter 7 case should be dismissed. In support, the United States Trustee states as follows:

1. **Overview.** Jason M. Stormer (the "Debtor") has the ability to repay a portion of his creditors' claims. Contrary to his representation on *Schedule I: Your Income* that he is unemployed, the Debtor is presently employed as a luxury car salesman at Auto World USA, Inc. Dkt 12 at 1. The Debtor was unemployed for several weeks around the time he filed his petition but quickly transitioned to his present job. According to his schedules, he earns $8,338.00 per month from employment, including commissions. *Id*. This annualizes to $100,056, which exceeds the median income for one-person households ($48,596) by $51,460. *Id*. at 18-20. The Debtor completed the *Chapter 7 Means Test Calculation* (the "Means Test"), wherein he states that his monthly disposable income is less than the statutory amount for presumptive abuse. However, his Means Test reflects a $3,554.00 deduction per month for taxes. *Id*. at 25 (line #16). The United States Trustee disputes that the Debtor is taxed at a rate of 42.62%. Correcting this line item to reflect a reasonable rate of taxation creates a presumption that the case is an abuse of chapter 7.

Additionally, the totality of the Debtor's financial circumstances demonstrates that he has the ability to repay a portion of his scheduled non-priority, unsecured claims.

2. **Standing.** Daniel M. McDermott is the United States Trustee for Region 9. Pursuant to 28 U.S.C. § 586, the United States Trustee is statutorily obligated to monitor the administration of cases commenced pursuant to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Code"). The United States Trustee has standing to be heard. 11 U.S.C. § 307. This motion is timely under FED. R. BANKR. P. 1017(e).

3. **Filing History.** The Debtor filed a voluntary chapter 7 petition June 11, 2018. Dkt. 1. In accordance with 11 U.S.C. § 701, the United States Trustee appointed David O. Simon to serve as the chapter 7 trustee (the "Trustee"). The meeting of creditors was opened on July 19, 2018 but was adjourned and concluded on August 2, 2018. On August 9, 2018, the United States Trustee filed a Statement of Presumed Abuse. This motion is timely under Fed. R. Bankr. Pro. 1017(e).

4. **Dismissal for Abuse.** Because granting relief in the above-captioned case would abuse the provisions of chapter 7 of the Code, the Court should enter an order dismissing the Debtor's case. 11 U.S.C. § 707(b)(1). The case should be dismissed because, firstly, Debtor's case is presumed to be abusive under 11 U.S.C. § 707(b)(2). Secondly, the "totality of the circumstances" indicates that granting relief to the Debtor would be an abuse of chapter 7. 11 U.S.C. § 707(b)(3). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of an individual debtor's chapter 7 case if the Court finds "abuse." The applicable standard of "abuse" replaces the standard of "substantial abuse" that existed under § 707(b) of the prior version of the Code. 11 U.S.C. § 707(b)(1). Additionally,

BAPCPA removes a presumption that had previously favored granting the relief requested by debtors. *Id*.

5. **Presumption of Abuse Threshold.** A case is presumed to be an abuse of chapter 7 if the debtor's disposable monthly income "multiplied by 60 is not less than the lesser of— (I) 25 percent of the debtor's non-priority unsecured claims in the case, or $7,700, whichever is greater; or (II) $12,850." 11 U.S.C. § 707(b)(2)(A)(i)(I)& (II) (amended pursuant to 11 U.S.C. § 104(b)(1)). In this case, the presumption arises because the Debtor has more than $214.17 of monthly disposable income.

6. **Presumption of Abuse.** The Debtor states on his Means Test that his monthly disposable income is a deficit of $176.14. Dkt. 12 at 28. However, his Means Test reflects a $3,554.00 deduction per month for taxes. *Id*. at 25 (line #16). The United States Trustee disputes that the Debtor is really taxed at a rate of 42.62%. The United States Trustee reduced this line item to $2,166, which is the amount of monthly taxes the Debtor deducted on *Schedule I: Your Income*. *Id*. at 2. This reflects a more reasonable rate of taxation of approximately 26%. After also adjusting the hypothetical trustee fees (at line #36), this reduction in monthly tax liabilities yields disposable monthly income of $1,064.09. Because monthly disposable income exceeds $214.17, the case is deemed presumptively abusive of chapter 7.

7. **Rebutting the Presumption of Abuse.** The Debtor carries the burden to rebut the presumption of abuse. 11 U.S.C. § 707(b)(2)(B). Section 707(b)(2)(B) provides two examples of conditions which may constitute "special circumstances": (1) a serious medical condition; or (2) a call or order to active duty in the Armed Forces. There is no evidence that either of these conditions is applicable to the Debtor's case.

> Even so, this list is not exclusive, and "special circumstances" may still exist even in the absence of a serious medical condition or call to active duty in the Armed Forces. Yet in the absence of one of these conditions, this Court has held that "special circumstances" will normally involve circumstances beyond the debtor's reasonable control, or result from circumstances highly unusual in character and of the type not normally encountered by most debtors.

In re Polinghorn, 436 B.R. 484, 489-90 (N.D. Ohio 2010) (citations omitted).

8. **Totality of the Circumstances 11 U.S.C. § 707(b)(3)**. Should the Court rule that the Debtor meets his burden to rebut the presumption of abuse, it must also consider whether the "totality of the circumstances" of the Debtor's case demonstrates an abuse of chapter 7. 11 U.S.C. § 707(b)(3)(B). "Totality of the circumstances" is a term of art that the Sixth Circuit Court of Appeals describes as a disjunctive two-factor test: "*either* lack of honesty *or* want of need" is sufficient to dismiss a case for substantial abuse. Behlke v. Eisen (In re Behlke), 358 F.3d 429, 434 (6th Cir. 2004) (*quoting* In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989) (internal citations removed) (emphasis added). The facts of this case indicate that the Debtor lacks the need for a chapter 7 discharge.

9. **Want of Need**. The Debtor has the ability to pay his scheduled, unsecured creditors a significant portion of the debts he owes them without foregoing necessities. Although the Debtor's monthly budget for taxes on *Schedule I* is not objectionable, other parts of his budget are objectionable or else excessive. He budgets $300 per month for clothing and dry cleaning, $100 for personal care products and services, and $200 for entertainment. Dkt. 12 at 5. He also deducts $555 for retirement contributions, which he declares are "mandatory," a claim not supported by the available record. *Id*. at 2. As described below, applicable precedent requires that voluntary contributions to ERISA-qualified retirement plans be treated as disposable income for the purposes of adjudicating a motion to dismiss under section 707(b).

**10. The Debtor's Retirement Plan Contributions**. Although available pay advices do not show any withholdings for retirement, the Debtor budgets $555 for retirement contributions, which he declares are "mandatory." Dkt. 12 at 2. Typically, contributions to ERISA-qualified retirement plans like 401(k) are not mandatory. Under applicable law, the Court must treat these deductions as disposable income for the purposes of this motion. In re Burton, 379 B.R. 732, 736 (Bankr. N.D. Ohio) (J. Baxter) ("[I]t is widely held that, in the context of bankruptcy proceedings, a debtor cannot make voluntary payments towards a retirement savings plan in order to reduce his or her reported disposable income."); In re Edighoffer, 375 B.R. 789, 799 (Bankr. N.D. Ohio) (J. Woods) ("Although Debtor correctly notes that she would be permitted to continue to contribute to her 403(b) retirement plan in chapter 13... the Court is constrained by [Behlke v. Eisen (In re Behlke), 358 F. 3d 429, at 435 (6th Cir. 2004)] and must find that the voluntary 403(b) contribution of $292.00 must be considered in determining whether Debtor can repay her unsecured creditors.") (full citation added); In re Croskey, 2007 WL 1302571 (Bankr. N.D. Ohio) (J. Speer) ("legally the Debtors' 401(k) contribution and loan repayment are not permissible deductions when determining an 'ability to pay' under § 707(b)'s need-based analysis").

**11. Ability to Pay.** Courts have held that an ability to pay creditors is grounds for dismissal under 11 U.S.C. § 707(b)(3). *See, e.g.*, In re Mestemaker, 359 B.R. 849, 857—858 (Bankr. N.D. Ohio 2007) (an ability to pay an amount equal to the abuse threshold under § 707(b)(2) is relevant to determining whether debtors exhibit a want of need sufficient to find abuse under § 707(b)(3)). The ability to fund a chapter 13 plan is a factor for determining "substantial abuse." Behlke, 358 F.3d at 438 (dismissing a case where debtors' disposable income would pay a *pro rata* dividend to unsecured creditors of 14% in a 36-month chapter 13 plan, or 23% over a five-year plan). The Debtor schedules priority claims totaling $24,907 and non-priority

5

18-32213-maw    Doc 17    FILED 09/10/18    ENTERED 09/10/18 11:32:05    Page 5 of 7

unsecured claims totaling $42,213.00. Dkt. 1 at 30. In a sixty-month chapter 13 case, a plan payment of $650 would pay all priority claims in full and provide non-priority unsecured creditors a dividend of over one-third (33.39%).

**WHEREFORE**, the United States Trustee respectfully requests this Court to enter an order dismissing the above-captioned chapter 7 case pursuant to 11 U.S.C. § 707(b) and granting such further relief as may be appropriate.

                          Respectfully submitted,

                          Daniel M. McDermott
                          United States Trustee Region 9

by:    */s/ Scott R. Belhorn*
                          Scott R. Belhorn (#0080094)
                          Trial Attorney
                          Department of Justice
                          Office of the U.S. Trustee
                          H.M. Metzenbaum U.S. Courthouse
                          201 Superior Avenue, Suite 441
                          Cleveland, Ohio 44114-1240
                          (216) 522-7800 Ext. 260
                          (216) 522-7193 (fax)
                          scott.r.belhorn@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Scott R. Belhorn, hereby certify that the foregoing Motion was electronically transmitted on or about September 10, 2018, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- Mark R. Lembright     mlembright@feltyandlembright.com
- David O. Simon, Trustee     david@simonlpa.com, dosimon@ecf.epiqsystems.com
- United States Trustee     (Registered address)@usdoj.gov
- Guy E. Tweed     tweedlaw@ameritech.net

I, Scott R. Belhorn, further certify that the foregoing Motion was mailed via U.S. Post, First Class, on or about September 10, 2018, to the following:

Jason M. Stormer
6514 Bonroi Drive
Seven Hills, OH 44131

                                                    */s/ Scott R. Belhorn*
                                                    Scott R. Belhorn

7

18-32213-maw    Doc 17    FILED 09/10/18    ENTERED 09/10/18 11:32:05    Page 7 of 7